## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHARIF WILLIAMSON, | : | Civil No. 3:15-cv-1797 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| SUPERINTENDENT GARMAN, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM OPINION

Plaintiff Sharif Williamson ("Plaintiff"), an inmate currently confined at the Rockview

State Correctional Institution, Bellefonte, Pennsylvania ("SCI-Rockview"), commenced this

action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as Defendants are the following

employees of SCI-Rockview: Mark Garman, Superintendent; Eric Tice, Deputy

Superintendent for Facilities Management; Howard Hoover, Security Lieutenant; Nathan

Lehman, Lieutenant; Heather Haldeman, Major; Jeff Rackovan, Corrections

Superintendent's Assistant and Facility Grievance Coordinator; and Corrections Officers

Clark, Leidhecker, Myers, Phillips, Tubbs, Weaver, and Intallura. (Docs. 1, 19). Before the

Court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by

Defendants Garman, Tice, Hoover, Lehman, Haldeman, and Rackovan, and a motion to

dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by the Corrections

Officers. (Docs. 15, 24). Plaintiff failed to respond to the motions and the time for

responding has now passed. In the absence of any timely response by Plaintiff, the

motions are deemed ripe for resolution. For the reasons set forth below, the Court will grant each of the pending motions.

## I. Standard of Review

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation

2

marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged - but it has not show[n] - that the

pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks

omitted). This "plausibility" determination will be a "context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court

must permit a curative amendment unless such an amendment would be inequitable or

futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## II.    Allegations of the Complaint

Plaintiff alleges that, on June 18, 2015, he was transferred to the restricted housing unit ("RHU") at SCI-Rockview. (Doc. 1, p. 5). Upon arrival to the RHU, Plaintiff alleges that seven corrections officers held him down, cut off his clothes, and performed an "illegal strip search." (*Id.*). During the strip search, Plaintiff states that he was placed on his stomach, and someone "start[ed] grabbing [his] buttock . . . and spread [his] buttcheeks apart." (*Id.*). Plaintiff claims that the officers used unnecessary force, and reaped sexual pleasure from the strip search. (*Id.* at pp. 5-6). Plaintiff further contends that Defendant Lehman supervised the strip search, never ordered him to comply with a strip search, and let the officers touch him in a sexual manner. (*Id.* at 3-4).

Plaintiff alleges that he wrote to the Superintendent and the Deputy "challenging the strip search policy and the person that supervis[ed] it." (*Id.* at p. 4). Plaintiff claims that he received no responses to his letters. (*Id.*).

Plaintiff further alleges that Defendant Tice failed to provide him with information about his claim and failed to respond to Plaintiff's inquiries. (*Id.*). Sirnilarly, Plaintiff contends that Defendant Hoover failed to provide updates on the investigation. (*Id.*).

On June 23, 2015, Plaintiff filed a grievance regarding the strip search. (*Id.* at p. 19). In response, Defendant Rackovan informed Plaintiff that an investigation was being conducted pursuant to the Department's Policy, DC-ADM 008, Prison Rape Elimination Act

("PREA"). (*Id.* at p. 20).

On June 25, 2015, Plaintiff wrote a letter to Defedant Garman regarding the strip search. (*Id.* at pp. 21-22). In response, Plaintiff was advised that his concerns were being investigated per prison policy. (*Id.* at p. 22).

On July 8, 2015 Plaintiff submitted an "inmate's request to staff member" to Defendant Hoover inquiring about his allegations. (*Id.* at p. 24). Defendant Hoover informed Plaintiff that his allegations were being investigated pursuant to prison policy. (*Id.*).

Plaintiff thereafter filed an unsuccessful grievance requesting the names of the officers involved in the strip search. (*Id.* at pp. 25-26).

On August 11, 2015, Plaintiff wrote a letter to Defendant Garman inquiring about the names of the officers involved in the strip search. (*Id.* at p. 23). Plaintiff was advised that his question was previously addressed, and he was again advised that his allegations were being investigated. (*Id.*).

## III. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or

causes to be subjected, any citizen of the United States or other person
within the jurisdiction thereof to the deprivation of any rights, privileges, or
immunities secured by the Constitution and laws, shall be liable to the party
injured in an action at law, suit in equity, or other proper proceeding for
redress. . . .

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95

F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the

violation of a right secured by the Constitution and laws of the United States, and must

show that the alleged deprivation was committed by a person acting under color of state

law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

## A. Personal Involvement

Defendants Haldeman, Garman, Tice, Hoover, Rackovan, and Lehman argue that

Plaintiff fails to state a claim against them because they lack personal involvement in the

alleged wrongs, and because Plaintiff's allegations against them are based solely on the

doctrine of *respondeat superior*. (Doc. 17, at 4-8).

Local government units and supervisors typically are not liable under Section 1983

solely on a theory of *respondeat superior*. *See City of Oklahoma City v. Tuttle*, 471 U.S.

808, 824 n.8 (1985); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (holding that

municipal liability attaches only "when execution of a government's policy or custom,

whether made by its lawmakers or by those whose edicts or acts may fairly be said to

represent official policy, inflicts the injury" complained of). It is well-established that:

6

A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

### 1. Defendant Haldeman

With respect to Defendant Haldeman, a review of the complaint confirms that other than being listed as a Defendant there are no specific assertions that she had any personal involvement in the purported violations of Plaintiff's rights. *See* (Doc. 1). To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a constitutional right by a person acting under color of state law. *See West*, 487 U.S. at 48. "A defendant's conduct must have a close causal connection to plaintiff's injury in order for § 1983 liability to attach." *Charles v. Sabol*, 2009 U.S. Dist. LEXIS 49680, *6 (M.D. Pa. 2009) (Rambo, J.) (citing *Martinez v. California*, 444 U.S. 277, 285 (1980)). "[E]ach named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim." *Cross v. Losinger*, 2007 U.S. Dist. LEXIS 22336, *4 (M.D. Pa. 2007) (Nealon, J.) (citing *Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976)). There is no well-pleaded allegation that Defendant Haldeman was involved in the alleged unconstitutional conduct. Therefore, the complaint against this Defendant will be dismissed.

7

### 2. Defendants Garman, Tice, Hoover, and Rackovan

Plaintiff seeks to impose liability on Defendants Garman, Tice, Hoover, and Rackovan based upon their failure to respond to inquiries or grievances. A state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prisoner's complaint or an official grievance, does not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct. *See Rode*, 845 F.2d at 1207-08 (concluding that after-the-fact review of a grievance is insufficient to demonstrate the actual knowledge necessary to establish personal involvement); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006); *see also Croom v. Wagner*, No. 06-1431, 2006 WL 2619794, at *4 (E.D. Pa. Sept. 11, 2006) (holding that neither the filing of a grievance nor an appeal of a grievance is sufficient to impose knowledge of any wrongdoing); *Ramos v. Pennsylvania Dept. of Corrections*, No. 06-1444, 2006 WL 2129148, at *2 (M.D. Pa. July 27, 2006) (holding that the review and denial of the grievances and subsequent administrative appeal does not establish personal involvement).

Plaintiff's claims against Defendant Rackovan, the Facility Grievance Coordinator, solely relate to his participation in the grievance procedure. However, prison officials cannot be held liable based solely on their failure to take corrective action when grievances or investigations were referred to them. *See Pressley v. Beard*, 266 F. App'x 216 (3d Cir. 2008).

8

Regarding Defendant Garman, Plaintiff alleges that he failed to respond to Plaintiff's letter requesting the names of the officers involved in the strip search. However, the letter attached to Plaintiff's complaint reveals that Defendant Garman did in fact respond to Plaintiff's letter on August 11, 2015 (Doc. 1, p. 23), although apparently not to Plaintiff's satisfaction.

The only allegations against Defendants Tice and Hoover are that they denied Plaintiff's request for information regarding his legal claim, and failed to provide updates on the pending investigation, respectively. Such allegations are insufficient to satisfy the requisite personal involvement standard under *Rode*.

Consequently, Defendants Garman, Tice, Hoover, and Rackovan are entitled to dismissal from this action based on their lack of personal involvement in the alleged denial of Plaintiff's rights.

### 3. Defendant Lehman

The complaint alleges that Lieutenant Lehman was "supervis[ing] the strip search," "never order[ed] [Plaintiff] to comply with a strip search," and "let the officers touch [Plaintiff] in a sexual way." (Doc. 1, pp. 5-6). The claims asserted against Defendant Lieutenant Lehman appear to be premised upon his supervisory position. Based upon an application of the above standards, such allegations are insufficient to satisfy the personal involvement requirement standard of *Rode*. However, drawing all reasonable inferences, even if the

9

Court were to construe Plaintiff's allegations as claiming that Defendant Lehman was

personally involved in the strip search, for the reasons discussed in Section IV(B), *infra*,

Plaintiff's claims that his constitutional rights were violated during, or as a result of, the strip

search must be dismissed.

Accordingly, Defendant Lehman is entitled to dismissal from this action.

## B.    Strip Search

A prisoner's challenge to a strip search may be cognizable under 42 U.S.C. § 1983

through the Fourth or Eighth Amendments.[1]  *See Seymour/Jones v. Spratts*, 1990 U.S. Dist.

LEXIS 193, *4 (E.D. Pa. 1990), *citing Bell v. Wolfish*, 441 U.S. 520, 558-60 (1979).  To raise

a Fourth Amendment claim, the prisoner must allege that the strip search was

unreasonable. *See Payton v. Vaughn*, 798 F. Supp. 258, 261-62 (E.D. Pa. 1992).  Where a

prisoner alleges that the strip search was conducted in a physically abusive manner, the

Eighth Amendment applies. *See Jordan v. Cicchi*, 428 F. App'x 195, 199-200 (3d Cir. 2011)

---

[1]    Although Plaintiff frames his argument as an Eighth Amendment violation, the Court will dispose of the claims pursuant to both the Eighth and Fourth Amendments.  A court will apply the applicable law irrespective of whether the unrepresented litigant mentioned it by name. *See Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002); *Allen v. Warden of Dauphin County Jail*, 2008 U.S. Dist. LEXIS 74752, *5 n.6 (M.D. Pa. 2008) (Conner, J.) (reasoning, that "the court is obligated to construe [a *pro se* inmate's] complaint liberally and to 'apply the relevant law, regardless of whether the *pro se* litigant has identified it by name'"), citing *Smith v. Johnson*, 202 F. App'x 547, 549 (3d Cir. 2006).  When a *pro se* plaintiff frames his claim in terms of one particular constitutional Amendment, the court will not limit his allegations to a theory of recovery under that Amendment. *See Welch v. Nunn*, 2006 U.S. Dist. LEXIS 86045, *19 n.8 (D.N.J. 2006) (addressing the plaintiff's retaliation claim under the correct Amendment, despite the fact that he couched his retaliation argument as an Eighth Amendment violation); *see also Brown v. Montgomery County*, 2005 U.S. Dist. LEXIS 10335 (E.D. Pa. 2005).

(explaining that an excessive force claim arising from a strip search may proceed under either the Fourth Amendment or the Eighth Amendment, but the latter is "the primary source of protection after an individual's conviction"); *Robinson v. Ricci*, 2012 U.S. Dist. LEXIS 44011, *50 n.6 (D.N.J. 2012) (stating that, in addition to a possible Fourth Amendment violation, the "Eighth Amendment may be implicated where the strip search or visual body cavity search was conducted in a brutish and unreasonable manner").

Plaintiff alleges that corrections officers Clark, Leidhecker, Myers, Phillips, Tubbs, Weaver, and Intallura cut off his clothes, placed him on his stomach, and one officer "start[ed] grabbing [his] buttock . . . and spread [his] butt cheeks apart." (Doc. 1, pp. 5-6; Doc. 19).

The Court finds no constitutional violation in the strip search that was conducted upon Plaintiff's transfer to the RHU. The Third Circuit Court of Appeals has held that prison officials may conduct visual body cavity searches whenever an inmate enters and exits his cell in the RHU, if performed in a reasonable manner. *See Millhouse v. Arbasak*, 373 F. App'x 135, 137 (3d Cir. 2010) (citing *Bell*, 441 U.S. at 559-60). "When a prisoner moves through restricted areas of a correctional facility, it is not unreasonable for staff to check for contraband via visual body cavity searches upon the prisoner's return." *Jones v. Luzerne County Corr. Facility*, 2010 U.S. Dist. LEXIS 86430, *22-23 (M.D. Pa. 2010) (Vanaskie, J.) (citing *Millhouse*, 373 F. App'x 135). Further, strip searches can be conducted by prison

11

officials without probable cause. *Jones*, 2010 U.S. Dist. LEXIS 86430 at \*22 ("[I]nmates do not have a right 'to be free from strip searches.'"), citing *Bell*, 441 U.S. at 558.

Plaintiff's allegation that the search was degrading and embarrassing fails to state a constitutional violation. *See Millhouse*, 373 F. App'x at 137 (body cavity strip "searches, even if embarrassing and humiliating, do not violate the constitution"). In *Brown*, the inmate alleged Fourth Amendment and Eighth Amendment violations relating to three (3) strip searches that he claimed were unsanitary, embarrassing, and in retaliation for having filed grievances against prison personnel. *See Brown v. Blaine*, 185 F. App'x 166, 168-69 (3d Cir. 2006), *cert. denied*, 549 U.S. 1064 (2006). The Third Circuit Court of Appeals determined that similar searches "have been held to be constitutional time and again." *Id.* at 169-70, citing *Thompson v. Souza*, 111 F.3d 694, 700 (9th Cir. 1997) (holding that a strip search performed in front of other inmates in which the prisoner was "told to 'run his fingers around his gums' after manipulating his genitalia" did not violate the constitution); *Del Raine v. Williford*, 32 F.3d 1024, 1038-41 (7th Cir. 1994) (concluding that there was no constitutional violation in a rectal search conducted in the lobby area of the prison's hospital); *Michenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir. 1988) (finding constitutional the prison's policy that requires visual body cavity searches every time an inmate leaves/returns to the maximum security unit); *Goff v. Nix*, 803 F.2d 358, 366-67, 378 (8th Cir. 1986) (upholding a prison policy that visual body cavity searches are performed

12

before/after contact visits, before/after being outside the prison, and before/after a segregated prisoner has mixed with the general population without supervision or restraints). The Court stated that although Brown "may have suffered embarrassment and humiliation while the search was being conducted, we cannot conclude that Brown's constitutional rights were violated by the search procedures employed." *Brown*, 185 F. App'x at 170.

This Court concludes that because the strip search was not unreasonable, Plaintiff has failed to allege a valid Fourth Amendment violation. *See Payton*, 798 F. Supp. at 261-62. Next, the Court will consider whether Plaintiff's allegations rise to the level of an Eighth Amendment violation.

Plaintiff claims that Defendants used "unnecessary force" during the strip search. (Doc. 1, p. 8). In order for a prisoner to state an Eighth Amendment claim for the excessive use of force by a prison official, he must establish that the force was not applied in a good-faith effort to maintain or restore discipline, but that it was maliciously and sadistically used to cause harm. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Under *Hudson*, the absence of a serious injury to the inmate is relevant to this court's inquiry, but does not end it. *Id.* However, "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.*

13

at 9-10 (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). Plaintiff failed to meet his burden under *Hudson*. He has not set forth the requisite injury or demonstrated that the force involved was malicious or sadistic. Indeed, Plaintiff has not alleged that he sustained any injury during the strip search. Plaintiff simply alleges that his clothing was removed and he was compelled to make his body parts available for visual inspection. Consequently, Plaintiff failed to state an Eighth Amendment claim for relief. *See, e.g.*, *Watson v. Beard*, 2013 WL 4648323, at * 11 (W.D. Pa. 2013) (finding that the "Plaintiff's allegation that his genitals were 'massaged' or 'squeezed' during what were otherwise normal, routine pat-down searches ... [was] simply insufficient to establish an Eighth Amendment violation").

Under both the Fourth and Eighth amendments, Plaintiff's allegation that his constitutional rights were violated during the strip search must be dismissed.

## IV.    Leave to Amend

When a complaint fails to present a prima facie case of liability, courts should generally grant leave to amend before dismissing a complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). The federal rules allow for liberal

amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). For these reasons, the Court concludes that Plaintiff should be afforded the opportunity to amend his complaint.

## V.    **Conclusion**

For the reasons set forth above, Defendants' motions (Docs. 15, 24) to dismiss will be granted. An appropriate order shall issue.

Dated: June ___, 2016

Robert D. Mariani
United States District Judge