**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SHARIF WILLIAMSON, | : | Civil No. 3:15-cv-1797 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| SUPERINTENDENT GARMAN, *et al.*, | : | |
| Defendants | : | |

**MEMORANDUM**

Plaintiff Sharif Williamson ("Plaintiff"), an inmate currently confined at the Rockview State Correctional Institution, Bellefonte, Pennsylvania ("SCI-Rockview"), commenced this action pursuant to 42 U.S.C. § 1983. (Doc. 1). The matter is proceeding *via* an amended complaint. (Doc. 28). Named as Defendants are the following employees of SCI-Rockview: Mark Garman, Superintendent; Eric Tice, Deputy Superintendent for Facilities Management; Nathan Lehman, Lieutenant; Jeff Rackovan, Corrections Superintendent's Assistant and Facility Grievance Coordinator; and Officers Clark, Leidhecker, Myers, Phillips, Tubbs, Weaver, and Intallura, (collectively, "Corrections Defendants"). (*Id.* at pp. 2-4).

Presently pending before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 29). Despite being directed to file a brief in opposition to Defendants' motion to dismiss (Doc. 27, ¶ 4), Plaintiff failed to respond to the motion and the time for responding has now passed. In the absence of any timely response

by Plaintiff, the motion is deemed ripe for resolution. For the reasons set forth below, the Court will grant the motion to dismiss, and grant Plaintiff a final opportunity to amend his complaint.

## I. **Standard of Review**

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v.*

*Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## II. Allegations of the Amended Complaint[1]

Plaintiff alleges that, on June 8, 2015, he was transferred to the restricted housing unit ("RHU") at SCI-Rockview and subjected to a strip search. (Doc. 28, p. 4). Upon arrival to the RHU, Plaintiff alleges that Defendant Lehman directed seven officers to place him on the floor. (*Id.*). He claims that the officers cut off his clothes, placed their weight on his body, and spread his buttocks apart. (*Id.*). Plaintiff assert that the officers used unnecessary force, derived sexual pleasure from the strip search, the search was conducted in an unprofessional and illegal manner, and belittled him. (*Id.* at p. 5). Plaintiff further contends that Defendant Lehman did not comply with prison policy because he never asked Plaintiff to comply with the strip search. (*Id.*).

## III. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

[1] The allegations of the amended complaint are strikingly similar to the allegations of the original complaint. *See* (Docs. 1, 28).

> injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Personal Involvement

Defendants Garman, Tice, Rackovan, and Lehman argue that Plaintiff fails to state a claim against them because they lack personal involvement in the alleged wrongs, and because Plaintiff's allegations against them are based solely on the doctrine of *respondeat superior*. (Doc. 30, pp. 3-5).

Local government units and supervisors typically are not liable under Section 1983 solely on a theory of *respondeat superior*. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 n.8 (1985); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (holding that municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of). It is well-established that:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of

> participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

With respect to Defendants Garman, Tice, and Rackovan, a review of the amended complaint confirms that other than being listed as Defendants there are no specific assertions that they had any personal involvement in the purported violations of Plaintiff's rights. *See* (Doc. 28). To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a constitutional right by a person acting under color of state law. *See West*, 487 U.S. at 48. "A defendant's conduct must have a close causal connection to plaintiff's injury in order for § 1983 liability to attach." *Charles v. Sabol*, 2009 U.S. Dist. LEXIS 49680, *6 (M.D. Pa. 2009) (citing *Martinez v. California*, 444 U.S. 277, 285 (1980)). "[E]ach named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim." *Cross v. Losinger*, 2007 U.S. Dist. LEXIS 22336, *4 (M.D. Pa. 2007) (citing *Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976)). There are no allegations that Defendants Garman, Tice, and Rackovan were involved in the alleged unconstitutional conduct. Therefore, the complaint against these Defendants will be dismissed.

As to Defendant Lehman, the amended complaint alleges that Defendant Lehman "order[ed] seven officers to put me down on the floor and they start[ed] cutting my cloth[es]

off my body." (Doc. 28, p. 4, ¶ 15). The amended complaint further alleges that Defendant Lehman never asked Plaintiff to comply with the strip search. (*Id.*). As noted *supra*, personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Such allegations must be made with appropriate particularity. *Rode*, 845 F.2d at 1207-08. The allegations against Defendant Lehman are sufficient to satisfy the personal involvement requirement standard of *Rode*, and are not based solely on a theory of *respondeat superior*. Consequently, Plaintiff has alleged sufficient personal involvement by Defendant Lehman such that the claims against him may proceed. Because the Court is granting Plaintiff a final opportunity to amend his complaint, any claims against Defendant Lehman must be re-alleged in the second amended complaint, and must indicate Lehman's contemporaneous, personal knowledge and acquiescence in the unconstitutional conduct.

### B. Strip Search

A prisoner's challenge to a strip search may be cognizable under 42 U.S.C. § 1983 through the Fourth or Eighth Amendments. *See Seymour/Jones v. Spratts*, 1990 U.S. Dist. LEXIS 193, *4 (E.D. Pa. 1990), *citing Bell v. Wolfish*, 441 U.S. 520, 558-60 (1979). To raise a Fourth Amendment claim, the prisoner must allege that the strip search was unreasonable. *See Payton v. Vaughn*, 798 F. Supp. 258, 261-62 (E.D. Pa. 1992). Where a prisoner alleges that the strip search was conducted in a physically abusive manner, the

Eighth Amendment applies. *See Jordan v. Cicchi*, 428 F. App'x 195, 199-200 (3d Cir. 2011) (explaining that an excessive force claim arising from a strip search may proceed under either the Fourth Amendment or the Eighth Amendment, but the latter is "the primary source of protection after an individual's conviction"); *Robinson v. Ricci*, 2012 U.S. Dist. LEXIS 44011, *50 n.6 (D.N.J. 2012) (stating that, in addition to a possible Fourth Amendment violation, the "Eighth Amendment may be implicated where the strip search or visual body cavity search was conducted in a brutish and unreasonable manner").

The Third Circuit Court of Appeals has held that prison officials may conduct visual body cavity searches whenever an inmate enters and exits his cell in the RHU, if performed in a reasonable manner. *See Millhouse v. Arbasak*, 373 F. App'x 135, 137 (3d Cir. 2010) (citing *Bell*, 441 U.S. at 559-60). "When a prisoner moves through restricted areas of a correctional facility, it is not unreasonable for staff to check for contraband via visual body cavity searches upon the prisoner's return." *Jones v. Luzerne County Corr. Facility*, 2010 U.S. Dist. LEXIS 86430, *22-23 (M.D. Pa. 2010) (citing *Millhouse*, 373 F. App'x 135). Further, strip searches can be conducted by prison officials without probable cause. *Jones*, 2010 U.S. Dist. LEXIS 86430 at *22 ("[I]nmates do not have a right 'to be free from strip searches."), citing *Bell*, 441 U.S. at 558. Additionally, allegations that a strip search was degrading or embarrassing also fail to state a constitutional violation. *See Millhouse*, 373 F. App'x at 137 (body cavity strip "searches, even if embarrassing and humiliating, do not

violate the constitution").

The amended complaint alleges that the strip search was conducted in an unconstitutional and illegal manner. (Doc. 28, pp. 4-5). Plaintiff alleges that he was subjected to a strip search when he was transferred to the RHU that involved unnecessary steps, was degrading, and was contrary to prison policy. (*Id.*). He claims that corrections officers placed him on the ground, cut off his clothes, and an officer spread his buttocks during the strip search. (*Id.*). This Court concludes that because Plaintiff has alleged that the strip search was unreasonable and involved unnecessary steps, he should be permitted to further develop this claim for the Court to evaluate whether the strip search was justified.

Next, the Court will consider whether Plaintiff's allegations rise to the level of an Eighth Amendment violation. In order for a prisoner to state an Eighth Amendment claim for the excessive use of force by a prison official, he must establish that the force was not applied in a good-faith effort to maintain or restore discipline, but that it was maliciously and sadistically used to cause harm. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Under *Hudson*, the absence of a serious injury to the inmate is relevant to this court's inquiry, but does not end it. *Id.* However, "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimus* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10 (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)).

The amended complaint alleges that Defendants conducted the strip search in an abusive fashion and with excessive force. (Doc. 28, pp. 4-5). Specifically, Plaintiff asserts that Defendants used "unnecessary force[] and got sexual pleasure from the strip search." (*Id.* at p. 5, ¶ 15). He further alleges that "officers put they [sic] weight on me and touch[ed] me in a sexually [sic] manner." (*Id.* at p. 6, ¶ 19). In light of these allegations, Plaintiff will be permitted an opportunity to amend his complaint to further develop these claims. Plaintiff must specifically allege any actions the officers took that show the use of unnecessary force. He must state specifically which officers placed their weight on him, and the manner in which they applied their weight. Additionally, Plaintiff must specifically allege any actions or statements made by the officers that reveal the officers "got sexual pleasure from the strip search." (*Id.* at p. 5, ¶ 15). Plaintiff must state specifically which officers touched him, what body part was touched, and the manner in which the officers touched him. Plaintiff is reminded that if he wishes to hold any Defendant liable for his/her conduct regarding the strip search, he must plead additional facts establishing that Defendant's personal involvement.

## IV. <u>Leave to Amend</u>

When a complaint fails to present a prima facie case of liability, courts should generally grant leave to amend before dismissing a complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d

Cir. 2000). Specifically, the Third Circuit has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). For these reasons, the Court concludes that Plaintiff should be afforded a final opportunity to amend his complaint.

## V. Conclusion

Based on the foregoing, Defendants' motion (Doc. 29) to dismiss will be granted. A separate order shall issue.

Dated: January 9, 2017

Robert D. Mariani
United States District Judge